UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

J & J SPORTS PRODUCTIONS, INC.,
          Plaintiff,

v.

PRIME HOOKAH LOUNGE, INC,, "Ice Hookah Lounge"; "Krave Hookah Bar", AND BRIAN TOMA AND STAVROS TOMA, Individually, jointly and severally,
          Defendants.

A civil action

# COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, J & J Sports Productions, Inc., ("Plaintiff"), by and through its attorneys, HUBBELL DUVALL PLLC, and states as follows:

### Jurisdiction

1. Jurisdiction is founded on the existence of a question arising under federal law. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, 47 U.S.C. § 605, *et seq.*, and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553, *et seq*.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, which states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3.  This Court has supplemental jurisdiction over the state law claims made herein pursuant to 28 U.S.C. § 1367(a).

4.  This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts that violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight program set forth below. Defendants' wrongful acts consisted of the interception and tortious conversion of property of Plaintiff within the Plaintiff's control in the State of Michigan.

## Venue

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because a defendant resides in this judicial district and all defendants reside in the State of Michigan.

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## Parties

7.  Plaintiff, J & J Sports Productions, Inc. is, and at all relevant times was, a CA corporation with its principal place of business located at 2380 S. Bascom Avenue Ste. 200 Campbell, CA 95008.

8.  Plaintiff is informed and believes, and alleges thereon that Defendant, Prime Hookah Lounge, Inc, is a Michigan Corporation, doing business at all relevant times mentioned under the names of "Ice Hookah Lounge" and "Krave Hookah

Bar", having its principal place of business at 45271 Market St Shelby Twp., MI 48315-6223.

9. Plaintiff is informed, believes, and alleges that Defendant, Prime Hookah Lounge, Inc, and Brian Toma and Stavros Toma are the principles, subsidiaries, alter egos, officers, directors, shareholders, employees, agents, and/or other representatives of "Ice Hookah Lounge"; "Krave Hookah Bar", business entit(ies) of an unknown nature.

10. Plaintiff is informed, believes, and alleges thereon that at all times on May 3, 2014, Defendant(s) Brian Toma and Stavros Toma was/were the owner(s), and/or officer(s), shareholder(s), and/or operator(s), and/or licensee(s), and/or permitee(s), and/or person(s) in charge, and/or an individual(s) with dominion, control, oversight and management of the commercial establishment Prime Hookah Lounge, Inc, "Ice Hookah Lounge"; "Krave Hookah Bar", operating at 45271 Market St Shelby Twp., MI 48315-6223, and was either aware of the unauthorized display of the program, fully described below, and tacitly or explicitly approved same or was physically present at the time the program was displayed, and in either event had actual or constructive knowledge of the display of the program in the commercial establishment on May 3, 2014.

## Count I – Violation of 47 U.S.C. § 605

11. Plaintiff J & J Sports Productions, Inc. hereby incorporates by reference all of the allegations contained in each preceding paragraph, inclusive, as though set forth at length.

12. Pursuant to contract, Plaintiff J & J Sports Productions, Inc., paid for and was thereafter granted the exclusive nationwide television distribution (closed-circuit) rights to the Floyd Mayweather, Jr. v. Marcos Rene Maidana WBC Welterweight Championship Fight Program on May 3, 2014, (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

13. Pursuant to contract, Plaintiff J & J Sports Productions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Michigan, by which it granted these entities limited sublicensing rights specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.) on a pay-per-view basis.

14. As a commercial distributor and licensor of sporting events, including the Program, Plaintiff J & J Sports Productions, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities, and each defendant failed to pay the fee to exhibit the program in their commercial establishment.

15. With full knowledge that the Program was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every of the above named Defendants and/or their agents while in the course of their employment or while otherwise acting under the

authority of the Defendants, servants, workmen or employees did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the time of its transmission at their commercial establishment at 45271 Market St Shelby Twp., MI 48315-6223.

16. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

17. 47 U.S.C. § 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission of the Program for which Plaintiff J & J Sports Productions, Inc., had the distribution rights thereto).

18. By reason of the aforesaid mentioned conduct, each Defendant violated 47 U.S.C. § 605, *et seq.*

19. By reason of the Defendants' violation of 47 U.S.C. § 605, *et seq.*, Plaintiff J & J Sports Productions, Inc., has the private right of action pursuant to 47 U.S.C. § 605(e)(3)(A).

20. As the result of the aforementioned Defendants' violation of 47 U.S.C. § 605, and pursuant to Section 605, Plaintiff J & J Sports Productions, Inc., is entitled to recover the following from each Defendant:

    (a) Statutory damages for each violation in an amount to $10,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); and also

 (b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), and also

 (c) the recovery of full costs, including reasonable attorneys' fees, pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

Count II – Violation of 47 U.S.C. § 553

21. Plaintiff J & J Sports Productions, Inc., hereby incorporates by reference all of the allegations contained in each preceding paragraph, inclusive, as though set forth herein at length.

22. The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the Program by the above named Defendants was prohibited by 47 U.S.C. § 553, *et seq*.

23. By reason of the aforementioned conduct, each defendant violated 47 U.S.C. § 553, *et seq*.

24. By reason of the Defendants' violation of 47 U.S.C. § 553, *et seq*., Plaintiff J & J Sports Productions, Inc., has the private right of action pursuant to 47 U.S.C. § 553(c)(1).

25. As the result of the aforementioned Defendants' violation of 47 U.S.C. § 553, Plaintiff J & J Sports Productions, Inc., is entitled to the following from each Defendant:

 (a) Statutory damages for each violation in amount to $10,000 pursuant to Title 47 U.S.C. Section 553(c)(3)(A)(ii); and also

(b) Statutory damages for each willful violation in an amount to $50,000 pursuant to 47 U.S.C. § 553(c)(3)(B); and also

(c) The recovery of full costs pursuant to 47 U.S.C. § 553(c)(2)(C); and also

(d) In the Court's discretion, reasonable attorneys' fees, pursuant to 47 U.S.C. § 553(c)(2)(C).

Count III – Common Law Conversion

26. Plaintiff J & J Sports Productions, Inc. hereby incorporates by reference all of the allegations contained in each preceding paragraph, inclusive, as though set forth herein at length.

27. By the aforesaid acts of interception, reception, publication, divulgence, display, and/or exhibition of the Program at their commercial establishment at the above-mentioned address, each Defendant tortiously obtained possession of the Program and wrongfully exercised dominion over display of the program, converting same for their own use and pecuniary benefit without paying the applicable fee to do so.

28. The aforesaid acts of the Defendants were willful, malicious, egregious, and intentionally designed to harm Plaintiff J & J Sports Productions, Inc., by depriving Plaintiff of the commercial license fee to which Plaintiff was rightfully entitled to receive from them, and in doing so, the Defendants subjected the Plaintiff to economic distress and financial loss.

29. Accordingly, Plaintiff J & J Sports Productions, Inc. is entitled to recover damages from the Defendants, cumulatively trebled, and exclusive of Plaintiff's other remedies at law.

## Request for Relief

### Count I

1. For statutory damages in the amount of $110,000.00 against the Defendants, and each of them; and

2. For reasonable attorneys' fees as mandated by statute, and;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4. For such other and further relief as this Honorable Court may deem just and proper.

### Count II

1. For statutory damages in the amount of $60,000.00 against the Defendants, and each of them, and;

2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and

4. For such other and further relief as this Honorable Court may deem just and proper.

### Count III

1. For compensatory damages in an amount according to proof against the Defendants, and each of them, and;

2. For exemplary damages against the Defendants, and each of them, and;

3. For punitive damages against the Defendants, and each of them, and;

4. Treble damages;

5. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;

6. For all costs of suit, including but not limited to filing fees, service of process fee, investigative costs, and;

7. For such other and further relief as this Honorable Court may deem just and proper, or justified by the facts and circumstances of this case.

                                                RESPECTFULLY SUBMITTED

Dated: April 25, 2017

/s/ Clinton Hubbell
HUBBELL DUVALL, PLLC
26211 Central Park Blvd. Ste. 514
Southfield, MI 48076-4161
(248) 595-8617
clint@hubbellduvall.com
P72321

*Attorneys for Plaintiff*