UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J&J SPORTS PRODUCTION, INC.,

    Plaintiff,

Case No. 17-cv-11313
Hon. Matthew F. Leitman

v.

PRIME HOOKAH LOUNGE, INC., *et al.*,

    Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER ALLOWING ALTERNATIVE SERVICE UPON DEFENDANTS AND FOR EXTENDED SUMMONS (ECF #6)

On April 25, 2017, Plaintiff J&J Sports Production, Inc. filed this action against Defendants Prime Hookah Lounge, Inc., Stavros Toma, and Brian Toma. (*See* Compl., ECF #1.) J&J alleges that Defendants Stavros and Brian Toma are the owners of Prime Hookah Lounge, Inc., and that the Defendants unlawfully broadcast a Floyd Mayweather, Jr. closed-circuit boxing match without paying J&J for the rights to do so. (*See id.* at ¶¶ 10, 15, Pg. ID 3-5.) The Court issued summonses for the Defendants on April 26, 2017.

J&J's attempts to serve the Defendants have been unsuccessful. On July 24, 2017, J&J filed a verified "Ex Parte Motion for an Order Allowing Alternative Services Upon Defendants and for Extended Summons." (*See* ECF #6.) In that motion, J&J explained that it has repeatedly attempted to serve Defendants with the

1

summons and Complaint, but it has been able to do so. In support of the motion, J&J submitted three affidavits from its process server, Mark Hubert. (*See id.* at Pg. ID 24, 26, and 28.) In these affidavits, Mr. Hubert swore under oath that he attempted to serve each Defendant in the following manners:

- On May 7, 2017, Mr. Hubert attempted to serve Stavros Toma and Brian Toma at the registered office address for Prime Hookah Lounge, Inc. Neither Defendant was at the location and Mr. Hubert left his business card. (*See id.* at Pg. ID 24, 26.)

- On May 7, 2017, Mr. Hubert attempted to serve Prime Hookah Lounge, Inc. at the last known address for the lounge. The location was "vacant." (*Id.* at Pg. ID 28.)

- On May 10, 2017, Mr. Hubert attempted to serve Stavros Toma and Brian Toma at the registered office address for Prime Hookah Lounge, Inc. The office was closed. (*See id.* at Pg. ID 24, 26.)

- On May 15, 2017, Mr. Hubert attempted to serve Stavros Toma and Brian Toma at the registered office address for Prime Hookah Lounge, Inc. A male at the location told Mr. Hubert that neither Stavros nor Brian were present. (*See id.* at Pg. ID 24, 26.)

- On May 17, 2017, Mr. Hubert attempted to serve Stavros Toma and Brian Toma at the registered office address for Prime Hookah Lounge,

Inc. A male at the location told Mr. Hubert that neither Stavros nor Brian were present. (*See id.* at Pg. ID 24, 26.)

After J&J filed this motion, it hired Mr. Hubert to attempt to serve the Defendants at different addresses, including the residences of Stavros and Brian Toma. Mr. Hubert has since submitted additional affidavits in which he swore under oath that those efforts were also unsuccessful. (*See* ECF ## 7-9.) In these affidavits, Mr. Hubert averred that:

- On June 16, 2017, June 18, 2017, June 27, 2017, and July 2, 2017, he attempted to serve Stavros Toma at his residence. Mr. Hubert "confirmed with neighbors" that Stavros lived at the residence, but either nobody answered the door at the residence or Mr. Hubert was told Stavros was not home. (ECF #7 at Pg. ID 91.)

- On June 16, 2017, June 18, 2017, June 30, 2017, and July 3, 2017, he attempted to serve Brian Toma at his residence. Mr. Hubert "spoke with neighbors who confirmed that [Brian] lived" at the residence. Nobody answered the door for Mr. Hubert even though cars were in the driveway and it "sound[ed] like someone [was] inside." (ECF #8 at Pg. ID 93.)

- On June 16, 2017, June 18, 2017, June 30, 2017, and July 6, 2017, he attempted to serve Prime Hookah Lounge, Inc. at the residence of Brian

3

Toma. (*See* ECF #9 at Pg. ID 95.) J&J has presented evidence that Brian Toma is the registered agent of the lounge. (*See* ECF #6 at Pg. ID 33.) Mr. Hubert's attempts were unsuccessful. (*See* ECF #9 at Pg. ID 95.)

J&J now seeks the Court's permission to complete service of the Defendants through "a method or methods, which, in the court's judgment, are reasonably calculated to give [D]efendants actual notice of the proceedings and an opportunity to be heard." (ECF #6 at Pg. ID 24.)

Service of process on a domestic corporation is governed by Federal Rule of Civil Procedure 4(h)(1). That rule provides in relevant part that

> a domestic or foreign corporation … must be served ... in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant.

In turn, Rule 4(e)(1) governing service of an individual provides:

> [A]n individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made.

4

Michigan Court Rule 2.105 governs service of process in the State of Michigan. That rule provides in relevant part that process may be served on a resident or non-resident individual by:

1. delivering a summons and a copy of the complaint to the defendant personally; or

2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

MCR 2.105(A)(1)-(2).

However, Michigan Court Rule 2.105(I) provides that alternate service may be appropriate under some circumstances:

1. On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

2. A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

> 3. Service of process may not be made under this subrule before entry of the court's order permitting it.

MCR 2.105(I).

In Michigan, alternative service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 919.

Here, the Court concludes that J&J has satisfied the requirements for alternative service under MCR 2.105(I) and Michigan law. First, J&J has sufficiently shown that service of the Defendants "cannot reasonably be made." MCR 2.105(I)(1). J&J's process server has unsuccessfully attempted to serve the individual Defendants eight times each at two different addresses, and the corporation at two different addresses. And J&J has presented evidence, through the affidavits of its process server, that suggests that the Defendants may be purposefully evading service. Despite conducting what the Court believes was a "truly diligent search," *Krueger*, 300 N.W.2d at 919, J&J has been unsuccessful under the usual methods of service.

Second, as required under MCR 2.105(2), J&J submitted a verified motion that is dated within 14 days of filing, is supported by affidavits of the process-server

Mr. Hubert and by J&J's counsel, and includes the Defendants' last known addresses. (*See* ECF #6.)

Third, the Court believes that service of process by a combination of U.S. Mail and leaving the summonses and three copies of the Complaint at the registered office of Prime Hookah Lounge, Inc. is "reasonably calculated to give [Defendants] actual notice of the proceedings and an opportunity to be heard." MCR 2.105(I)(1).

In addition, the Court finds good cause to allow J&J an extension of time to serve Defendants through the methods of substituted service described below. *See* Fed. Rule Civ. Proc. 4(m). The Court will therefore extend the summonses for Defendants by forty-five days from the date of this Order.

Accordingly, for all the reasons stated above, J&J's *ex parte* motion for alternative service (ECF #6) is **GRANTED** as follows: J&J shall serve each Defendant with a copy of (1) a summons, (2) the Complaint, and (3) this Order as follows:

- Leaving the summonses, three copies of the Complaint, and three copies of this Order with the receptionist at the registered office address of Prime Hookah Lounge, Inc., 46763 Hayes Rd., Shelby Township, Michigan 48135, with instructions to deliver those documents to the Defendants. If no receptionist is present, J&J may

leave the summonses, Complaints, and Orders at the location with a cover letter identifying the documents;

- Mailing a summons for Prime Hookah Lounge, Inc. and a summons for Brian Toma individually, two copies of the Complaint, and two copies of this Order via certified mail, return receipt requested to Brian Toma at his last known residential address, 13243 Eagle Next Trial, Shelby Township, Michigan 48315;

- Mailing a summons, Complaint, and this Order via certified mail, return receipt requested to Stavros Toma at his last known residential address, 47677 Milonas , Shelby Township, Michigan 48315; and

- Mailing the summonses, Complaint, and this Order to via first class mail, in a plain white envelope with no return address, to (1) Prime Hookah Lounge's registered office address, (2) the residential address of Brian Toma, and (3) the residential address of Stavros Toma.

J&J shall also file Certificates of Service with the Court after it serves Defendants as directed in this Order.

**IT IS SO ORDERED.**

                                                  s/Matthew F. Leitman
                                                  MATTHEW F. LEITMAN
                                                  UNITED STATES DISTRICT JUDGE

Dated: October 6, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 6, 2017, by electronic means and/or ordinary mail.

<pre>
                              s/Holly A. Monda
                              Case Manager
                              (810) 341-9763
</pre>